Judge Robertson
delivered the opinion of the Court.
Lively having been several years in possession of a piece of land, covered entirely by a patent for five thousand acres, in the name of Morgan and Payne, and partly by a patent in the name of Roberts; Morgan and Payne claiming to be joint tenants of the five-thousand acres, brought their several ejectments against Lively, and others, claiming each, an undivided moiety of two-thousand five-hundred acres. It appears from the plat, and other evidence, that there had been a partition between Morgan and Payne, and that Payne’s moiety did not interfere with Lively; but that Morgan’s included all the land held by Lively, as well as all which was covered by Roberts’s patent.
In 1817, judgments were rendered against Lively, in favor of each of the lessors, Payne and Morgan. That in favor of Payne, was for so much as was covered by his moiety of two-thousand five-hundred acres, according to the amended survey, in the case, which shews that Payne did not touch Lively’s possession. That in favor of Morgan, was for as much as was included in his moiety, excepting so much as was covered by the patent of Roberts.
In 1825, Morgan, and the agent' of Morgan and Payne, being dead, the former attorney at law, of Morgan and Payne, without any new’ authority, but at the instance of Ball, procured a revival of the judgments, in ejectments, by scieri facias, and issued writs of habere facias, against Lively, who bad never been disturbed in his possession. This attorney, Ball *182 and the sheriff, met at Lively’s, with the writs, where the attorney having directed the possession to be delivered to Ball, He proposed to Lively to become his tenant, assuring him, that if he would, he should not be disturbed until the expiration of the proposed lease, which was to be for the nominal rent of one dollar.
On a warrant of forcible de-tainer, tenant cannot resist restitution to whom he ac-j qniryd pos-se9Slon‘
*182 For the purpose of remaining, and securing his crop, after some negotiation, Lively accorded to this proposition; and thereupon, the sheriff, having, on the 25th day of August, 1825, either led Lively out of his house, or taken out some of the furniture,(he does not recollect which) a written lease was given by Ball to Lively, for all the tenements of which he had been possessed, binding him to surrender possession on the 10th of. March ensuing.
The lease recited, that Morgan and Payne had recovered the whole of Lively’s improvements; that Ball had purchased the right of the successful claimants; that the judgments had been revived by the attorney of Payne and Morgan’s representatives, and the possession, by his order, delivered to Ball, who being a neighbor of Lively, and not disposed to “'discommode him or Ms family, or injure them,” had, in consideration of the premises, and for the rent of one dollar, leased the land to him, &c.
At the expiration of the term, Ball proceeded with a warrant of forcibe detainer, against Lively. The jury in the country, found a verdict for Lively, which, on a traverse to the circuit court, was affirmed by the verdict of a jury there, and the judgment of the court upon it.
To reverse this judgment, this appeal is prosecuted. In considering the case, it will not be necessary to do more than to decide the effect of the lease; for this will virtually dispose of all the questions which are presented in the record.
If Lively acquired the possession from Ball, restitution to Ball could not be resisted, upon any claim of right derived from any other source. But if the possession were not obtained from Ball, he has no right, as lessor, to iecover,it by warrant of forcible *183 detainer. See I. Dig. 612, Section 16. I. Marshall, 320. II. ib. 30, ib. 150. I. Monroe, 127. He asserts no other claim than that of
^cib/ed0/ tai“er proYe right to part only of the ^"fnThTwar-' rant, he is ejectment,8to1 a recovery Pro tanto-
Part of the land occupied by Lively was included in Roberts’s patent; and consequently, for so much, tbere was no judgment against him. He had been in possession about twelve years, when he accepted Ball’s lease. Ball could not give him possession of any land which the judgments did not include, and therefore, it is clear that Lively did not acquire the possession from Ball, of the land covered by Roberts’s patent; as to so much then, Ball had no right to restitution.
But although Ball had no right to restitution of all the land leased by him to Lively, and which his warrant embraced, nevertheless, if he proved a right to the possession of any part, he was entitled, as in an ejectment, to a verdict and 'judgment. Atchley vs. Latham, III. Marshall, 164. Taylor vs. White I. Monroe, 38.
The question then arrises, had Ball a right to recoVer so much of the land, embraced in his lease to Lively, as was included in the judgments in ejectment?
If Ball had acquired the legal right to the judgments in ejectment, and had regularly evicted Lively, we should not doubt that Lively would have acquired the possession which he now holds, from the lease, and would be bound to restore it to Ball.
But if there was no actual and legal eviction, but the possession now held is only a continuation of that held, pending the ejectments, Ball is not, as lessor, entitled to resttiution.
There was no eviction. The act of'the sheriff was a mere empty form. Lively was not turned out, nor Ball put in. Ball never had possession. The agreement to lease, was made, before the sheriff had played his part in the farce.
Ball has not shown he had any right to the possession. He has not attempted to prove that he had acquired any sort of right from the lessors of the plaintiffs. He could not have been their agent, because *184 his lease states, that he was entitled to possession' by order of the attorney at law.
Authority of attorney at law, is determined by his client’s death Attorney at law cannot sue out sderi fadas, or a writ of error, without new warrant. Nor can he release a judgment without special authority, unless the thing, for which judgment was obtained, be delivered.
It is shewn by the testimony of the attorney, that he had no authority. He had never been employed since his first engagement, to prosecute the eject-ments; and one of the plaintiffs had since died, and he was the only one, who had any right to any part of the land occupied by Lively*
The authority of an. attorney at law, expires with the death of his employer. I. Bibb, 147. Campbell’s heirs vs. Kincaid, III. Monroe, 68.
A sderi fadas to revive, is a new suit, and the attorney who obtained the first judgment, had no authority to prosecute a sderi fadas, to revive it, or a writ of error to reverse it, without a new warrant of attorney. Richardson vs. Talbot, II. Bibb, 284. Jackson, ex dem, M‘Rea vs. Bartlett, VIII. Johnson, 285. II. Institute, 378.
After the judgment is satisfied, or is expired, the attorney who obtained it is ‘functus officio.”. He cannot even release a judgment, without a special authority, or unless the thing, for which the judgment is obtained, be delivered. Carey and Morgan vs. Turner, VI. Johnson, 51. I. Roll. Rep. 365. VIII. Johnson, 285.
The individual, therefore, who acted as attorney in this cáse, had no authority. He could give no possession. Ball could acquire none from him. The plaintiffs in the ejectment have not been divested of their right. For aught that appears, they had abandoned their judgments against Lively, and never intended to revive. Strangers to their judgments, and to them, surely can acquire no legal right to the possession, by reviving, in their names, without any authority from them.
But it might be urged that Lively is estopped to urge these objections. We think not.
1st. The facts all show that he was never, in fact and in law, turned out of possession; and in that view of them, they are admissible to prove that Ball ought not to recover.
If a person, in possession of laDd, be induced, by fraud, to become lessee of one having no claim to the land, he will not be estop-ped by such lease, to disclaim tenancy.
Haggin, for appellant; Crittenden, for appellee¡
2d. Lively had rió knowledge of, the authority of the attorney, or of the right of Ball. They represented to him, and reiterated in the lease, drawn by them, that they had competentauthority,and frill right. If these representations be fraudulent or false, he is not bound by them. They had no right to evict him. If he had known this-, he certainly would not havé taken the lease. The representations were certainly false; and we apprehend they were fraudulent.
There are several circumstances in the record, which tend to shew that the whole transaction was colorable, and contrived for the sole purpose of inducing Lively, innocently and ignorantly, to attorn to Ball. After being thus duped, he has a right to resist Institution to Ball: disclaim being his tenant, and rely on his own precedent and long continued possession, from which he has been seduced by false and delusive pretences.
3d. The recitals in the lease are untrue. Payne and Morgan had not recovered the whole of the land occupied by Lively; nor had Ball purchased their right, so far as the record can shew; nor had either he or the attorney any right to revive the judgments, or take possession of the land. The lease ought not, therefore, to estop Lively from asserting the truth, when he is undeceived, nór from retaining the possession of the land. This lease Ought to have no effect on the case. If Lively had been evicted by Ball, by the habere facias, without authority, and had not leased of him, he might havé Obtained restitution by warrant, according to the principle in Stephens vs. Chiles, I. Mar. 333.
There was nothing improper in admitting the records in the ejectriient's to be read, to shew the extent of the recovery; nor is there any error in the instructions by the court, during the process of the trial, upon which Ball can take advantage. Some of the propositions were abstract; and others were of such a character., that no decision on them, right or wrong, could change the merits of the controversy, or would have authorised a verdict for Ball.
Wherefore, the judgment is affirmed.